UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR MANUEL FONSECA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Respondent. | CASE NO. C20-944-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner seeks release from immigration detention under 28 U.S.C § 2241 contending his detention violates his due process rights. Dkt. 6. Alternatively he requests the Court order respondent to conduct a bond hearing. *Id.*

**1.    Background**

Petitioner alleges on June 21, 2019 he entered Immigration and Customs Enforcement (ICE) custody, that he appealed his detention and the Court of Appeals for the Ninth Circuit issued a stay of removal. *Id.* He argues he is detained on a "non-existent bond" or a bond that "is too high to afford." *Id.*

Respondent opposes petitioner's request for relief and argues the Court should deny the habeas petition and dismiss the case. Dkt. 9. Respondent contends petitioner entered the United States on a non-immigrant visa and was authorized to remain in the country until March 7, 2001.

REPORT AND RECOMMENDATION - 1

On February 4, 2019, petitioner pled guilty to attempted aggravated sexual abuse of a child in violation of Utah law and was sentenced to an indeterminate sentence of three years to life in prison. After serving his sentence, petitioner was ordered released directly to ICE.

On June 21, 2019, Utah released petitioner to ICE custody and he was served with a Notice of Intend to Issue a Final Administrative Removal Order under 8 U.S.C. § 1228(b). Petitioner claimed fear of returning to his home country and was referred for a reasonable fear interview. The United States Citizenship and Immigration Services (UCIS) conducted a reasonable fear interview, made negative findings and petitioner was transferred to the (Northwest Immigration Detention Center (NWIPC) in July 2019.

On August 5, 2019, an Immigration Judge (IJ) conducted a reasonable fear hearing and affirmed the earlier negative fear finding and returned the case for removal proceedings. Later that month, petitioner filed a motion in the Court of Appeals for the Ninth Circuit and the Circuit Court stayed removal.

On December 19, 2019 the IJ held a bond hearing under *Aleman Gonzalez v. Sessions,* 325 F.R.D. 616 (N.D. Cal. 2018). The IJ denied bond and found the government had established by clear and convincing evidence that petitioner was both a danger and a flight risk. Petitioner waived appeal of the decision. On January 24, 2020 the Circuit Court of Appeals granted petitioner's motion for stay of removal and the case has been held in abeyance since then.

**2.     Discussion**

Respondent contends 8 U.S.C. §1231 governs petitioner's case because the case is pending completion of administrative removal proceedings following entry of a final order of removal. Under § 1231(a), the Department of Homeland Security ("DHS")[1] is required to detain

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the

1  a noncitizen during the 90-day "removal period," which began in December 2019. After the

2  removal period expires, DHS has the discretionary authority to continue to detain certain

3  noncitizens, including Petitioner, or to release them on supervision. 8 U.S.C. § 1231(a)(6). Here

4  an IJ conducted a bond hearing in December 2019 and found the government had met its burden

5  of proof that petitioner is a danger and a risk of flight.

6     Respondent argues there is a significant likelihood petitioner will be removed within the

7  reasonably foreseeable future because ICE has already obtained a temporary travel document to

8  remove petitioner. The travel document expired only because petitioner's cases is pending action

9  in the Circuit Court of Appeals. As such, respondent contends petitioner is not entitled to release

10 under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because petitioner's detention cannot be deemed

11 to be indefinite.

12    Petitioner does not contest respondent's recitation of the procedural history or the

13 respondent's legal position. Rather petitioner appears to argue the IJ set bond that was too high

14 and his continued detention therefore violates due process. Petitioner however presents nothing

15 establishing the IJ's bond hearing is constitutionally infirm.

16    Additionally, petitioner has received a bond hearing before an IJ. The Court of Appeals

17 for the Ninth Circuit has held in cases in which §§ 1226 or 1231 apply, a petitioner who has had

18 a bond hearing before the IJ is not entitled to "periodic" or additional bond hearings. *Flores*

19 *Tejada v.* Godfrey, 954 F.3d 1245, 1250 (9th Cir. 2020). Petitioner is thus not entitled to another

20 bond hearing. Moreover, to the extent petitioner challenges the IJ's discretionary bond judgment,

21 the Court is without jurisdiction to consider such a claim. *See* 8 U.S.C. § 1226(e); *Prieto-Romero*

22

23 Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

*v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). Accordingly, petitioner's claim the Court should overturn the IJ's bond determination fails and should be rejected. The Court accordingly recommends this case be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 10, 2020.**  The Clerk should note the matter for **November 13, 2020**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

DATED this 27th day of October, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4